[No. 14087.   Department Two. — April 20, 1891.]

JENNIE M. FRAZER, RESPONDENT, v. CATHERINE LYNCH ET AL., APPELLANTS.

SUBPŒNA DUCES TECUM — DISOBEDIENCE OF DEFENDANT — STRIKING OUT ANSWER — CONTEMPT — ERROR OF LAW — NEW TRIAL. — An order of the trial court that the answer of the defendant be stricken from the files because the defendant has disobeyed a subpœna *duces tecum* is not a judgment for contempt, but if erroneous, constitutes an error of law occurring during the trial of the action, which, if excepted to, may be corrected on appeal from the judgment and order denying a new trial.

ID. — CONSTRUCTION OF CODE — PROTECTION OF ADVERSE PARTY. — The provision of section 1991 of the Code of Civil Procedure, that in case of disobedience of a subpœna, "if the witness be a party, his complaint or answer may be stricken out," is intended for the protection of the adverse party, whose substantial rights are or may be affected by such disobedience, as well as a punishment for the contempt itself.

ID. — DISCRETION — STRIKING OUT ANSWER. — The power conferred upon the court to strike out an answer should be exercised with guarded discretion, with a view to promote substantial justice; and it is error for the court to strike defendant's answer from the files because of disobedience of a subpœna *duces tecum*, where the disobedience is by an illiterate person, without the advice of counsel, and where defendant's counsel, before the making of the order, offer to admit everything that could be shown by the papers sought to be produced.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Reinoehl & Harrison*, for Appellants.

*C. L. Jenks, Jr., A. E. Nutt*, and *D. W. Welty*, for Respondent.

DE HAVEN, J. — This is an action of ejectment. The defendants joined in an answer, which put in issue all the allegations of the complaint as to the ownership and right to the possession of the demanded premises, the value of the rents, issues, and profits, and the amount of damages claimed by plaintiff.

The plaintiff caused to be issued and served upon the defendant Catherine Lynch a subpœna *duces tecum*, re-

quiring her to produce in court a United States patent conveying a portion of the land in controversy to one Patrick Lynch, through whom plaintiff claims title. The said defendant did not produce the patent as commanded. The court below, of its own motion, examined the defendant upon oath as to her reason for not doing so. Her evidence is as follows:—

"Q. This paper was served on you, Mrs. Lynch, which reads as follows, among other things (reading the commands of the subpœna, and then continuing),— this paper purports to have been served upon you; you say your son read it to you? A. *Yes, sir; that patent that I got.* Q. Did you bring it? A. No, sir; I did not. Q. Why did you not bring it? A. I did not know that there was any case. Q. You did not understand that you were compelled to bring it, by this subpœna? A. No, sir. Q. Tell me your reason for not bringing it, after your son read this subpœna? A. *He read it to me after I got it from Washington; that is all.* Q. Now, who read it to you? You were served with a paper reading like this, were you not? A. Yes. Q. Who read that to you? or did you read it yourself? A. No, sir; I could not read myself. Q. Who read that to you? A. I do not believe any one read it to me; I was summoned on the road; there was a lady with me; she just looked at it, and I took it home and left it on the shelf. Q. Your counsel told you, did they not, that it was necessary to bring this document into court? A. No, sir. Q. Your son told you, did he not? A. He did not tell me anything; he came home at six o'clock last night, sick. Q. Did n't your son tell you that your counsel said to you to bring that paper into court? A. I suppose he could have got it; he is very sick, and laying down sick in town here, and did n't get home until six o'clock.

"*Mr. Harrison.*—We are ready to admit the contents of that document, so that it will not cripple the plaintiff's case.

"*The Court.* — That paper was served upon that lady. She said at first that it was, and then afterwards that perhaps it was not, read to her. It is her duty, when a paper is served upon her, bearing the official imprint, as this document does,— if she cannot read it, it is her duty to take it to some person and have it read. I certainly do not wish to be harsh with any person, but it seems to me that this is a flagrant obstruction of justice and a disobedience of an order of the court, and although I have listened with interest to the remarks that have been made by yourself and Mr. Reinoehl, I cannot quite come to the conclusion that this woman has done this through ignorance; it seems to me that there is some reason for it. The answer will be stricken from the files."

The question presented by this appeal is as to the correctness of this ruling, and it is clear to us that it cannot be sustained. Section 1991 of the Code of Civil Procedure provides that disobedience of a subpœna may be punished as a contempt of court; "and if the witness be a party, his complaint or answer may be stricken out." This latter clause of the section is intended for the protection of the adverse party, whose substantial rights are or may be affected by such disobedience, as well as a punishment for the contempt itself; and it is evident, from the nature of the power thus conferred on the court, that it should not be exercised, except with guarded discretion and with a view to promote substantial justice in the case before it. It is apparent from the record before us that the defendant Mrs. Lynch is an illiterate person, and it is not entirely clear that she knew the contents of the subpœna, or that what is claimed as an admission that it had been read to her did not really refer to the reading of the patent itself. It appears that her counsel knew nothing of the matter, and had given her no advice in relation to her duty in regard to the subpœna. Under these circumstances, the court

should have distinctly notified her of the effect of a willful refusal to produce the paper, and have given her an opportunity to produce it before making the order under review. But in addition to this, her counsel, before the making of this order striking the answer from the files, offered to admit everything that could be shown by the patent itself, thus obviating any necessity for its production, and fully saving every right of the plaintiff. This offer, thus made, is to be treated as that of the defendant herself, and was so far a substantial compliance with the commands of the subpœna as to make the subsequent order of the court clearly erroneous. This order is not, as claimed by respondent, a judgment for contempt, such as is made by section 1222 of the Code of Civil Procedure, is final and conclusive, but was an error of law occurring during the trial of the action, and being excepted to, may be corrected on this appeal.

Judgment and order reversed.

BEATTY, C. J., and McFARLAND, J., concurred.